UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT BENTLEY MARLOW, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-cv-00646 |
| ) | Judge Sharp |
| v. ) | |
| ) | |
| THE TENNESSEE SUPREME COURT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Knoxville, Tennessee. He brings this action under 42 U.S.C. § 1983 against The Tennessee Supreme Court; Cornelia A. Clark, Janice M. Holder, William C. Koch, Sharon G. Lee, and Gary R. Wade, in both their official and individual capacities; The Tennessee Board of Law Examiners; Adele A. Anderson, Jimmie Carpenter Miller, Julian L. Bibb, W. Scott McGinness, Jr., Marlene Eskind Moses, and Rickey E. Wilkens, in both their official and individual capacities; The Tennessee Lawyers Assistance Program; Laura Gatrell, Ted Rice, and Jessica Copeland, in both their official and individual capacities; Robert E. Cooper, Jr., in his official capacity only; Talmage M. Watts, in both his official and individual capacity; and the National Conference of Bar Examiners, alleging, inter alia, that the defendants, acting in concert and separately, frustrated the plaintiff's attempts to obtain a license to practice law in the state of Tennessee in violation of the plaintiff's constitutional rights. (Docket No. 1). The plaintiff seeks monetary damages, injunctive relief, declaratory relief, and court orders directing certain defendants to provide information to the plaintiff for the purposes of allowing the plaintiff to seek class certification pursuant to Federal Rule of Civil Procedure 23. (*Id.* at pp. 28-30).

1

**I.      Standard of Review for *Pro Se* and *In Forma Pauperis* Complaints**

Because the plaintiff is proceeding *pro se* and *in forma pauperis*, the court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915. *Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii).

A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

**II.     Section 1983 Standard**

The plaintiff alleges a number of claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**III. Analysis**

To the extent that defendants Clark, Holder, Koch, Lee, Wade, Anderson, Miller, Bibb, McGinness, Jr., Moses, Wilkens, Gatrell, Rice, Copeland, Cooper, Jr., and Watts are sued for damages in their official capacities as state actors, the plaintiff's claims are essentially claims against the State of Tennessee. *See Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009). In an official capacity action, a plaintiff is seeking damages not from the individually named defendant, but from the entity for which the defendant is an agent, *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993), and "an official capacity suit is, in all respects other than name, to be treated as suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

However, the Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages on civil rights claims brought under Section 1983 unless the state has waived its sovereign immunity by consenting to such a suit. *Graham*, 473 U.S. at 169; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Tennessee has not consented to being sued under Section 1983. *See Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986). Additionally, neither a State nor an official acting in his official capacity is a "person" for the purpose of a suit brought under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Hardin v. Straub*, 954 F.2d 1193, 1198 (6th Cir. 1992). Accordingly, the plaintiff's damages claims against defendants Clark, Holder, Koch, Lee, Wade, Anderson, Miller, Bibb, McGinness, Jr., Moses, Wilkens, Gatrell, Rice, Copeland, Cooper, Jr., and Watts in their official capacities are subject to dismissal because such claims do not state claims upon which relief can be granted.

Likewise, the plaintiff is barred from pursuing monetary damages against defendants Tennessee Supreme Court, The Tennessee Board of Law Examiners, and the Tennessee Lawyers Assistance Program because these claims are essentially claims against the State of Tennessee and also are barred by the Eleventh Amendment. *See Graham*, 473 U.S. at 169.

As to the plaintiff's remaining claims, the court finds that the plaintiff has stated at least one non-frivolous claim under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. The plaintiff alleges, in multiple counts of the complaint, that the defendants acted in violation of the plaintiff's Due Process rights "not in any capacity as adjudicators or litigators but rather in a concerted effort to protect the unconstitutional secrecy and virtually unlimited discretion each Defendant enjoys in the regulation of the practice of law . . . ." (Docket No. 1 at pp. 26-27). The plaintiff apparently intends to pursue a class action on behalf of certain applicants to the Tennessee bar over the past five years, in particular those who were monitored by the Tennessee Lawyers Assistance Program. It is unclear at this early stage of the proceedings whether class certification is appropriate or whether the plaintiff's claims ultimately are viable. These matters will be sorted out as the case progresses.

**IV.    Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against defendants Clark, Holder, Koch, Lee, Wade, Anderson, Miller, Bibb, McGinness, Jr., Moses, Wilkens, Gatrell, Rice, Copeland, Cooper, Jr., and Watts in their official capacities. Further, the plaintiff's claims for damages against defendants Tennessee Supreme Court, The Tennessee Board of Law Examiners, and the Tennessee Lawyers Assistance Program also fail to state claims upon which relief can be granted. 28 U.S.C. § 1915A. Thus, those enumerated claims will be dismissed. However, as to the plaintiff's remaining claims, the complaint states at least one colorable claim under § 1983. The defendants

4

will be served and have an opportunity to respond to the plaintiff's allegations against them.

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge