UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT BENTLEY MARLOW, | )<br>) |
| Plaintiff | )<br>) |
| v. | ) No. 3:12-0646<br>) Judge Sharp/Bryant<br>) **Jury Demand** |
| THE TENNESSEE SUPREME COURT, *et al.*, | )<br>)<br>) |
| Defendants | ) |

## MEMORANDUM AND ORDER

Defendant National Conference of Bar Examiners ("NCBE") has filed its motion seeking sanctions under Rule 11 of the Federal Rules of Civil Procedure (Docket Entry No. 36). As grounds, NCBE argues that Plaintiff Robert Bentley Marlow's ("Marlow") claims against NCBE are "without legal or factual basis and constitute[] abuse of the federal courts." Marlow has filed a response in opposition (Docket Entry No. 43).

For the reasons stated below, the undersigned Magistrate Judge **DENIES** NCBE's motion for Rule 11 sanctions.

### STATEMENT OF THE CASE

Plaintiff Marlow, who is proceeding *pro se* and *in forma pauperis*, has filed this action pursuant to 42 U.S.C. § 1983 alleging that the Defendants, acting under color of state law, have violated his constitutional rights by wrongfully denying him a license to practice law after he successfully passed the Tennessee bar examination.

### ANALYSIS

Rule 11 of the Federal Rules of Civil Procedure provides that a party filing a pleading with the court thereby certifies

that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the pleading is not being filed for any improper purpose, the claim and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing the existing law, and that the factual contentions have evidentiary support. The rule further provides for the imposition of sanctions if the Court determines that the rule has been violated. This rule by its terms applies both to attorneys and to parties.

      NCBE argues in support of its motion for sanctions that it is not a state actor for purposes of Section 1983, that Marlow's complaint fails to identify any constitutional right that NCBE allegedly violated, and that Marlow at the time of his bar application signed an authorization and release form in favor of NCBE.

      NCBE acknowledges that although Rule 11 does apply to *pro se* plaintiffs, the Court nevertheless must read *pro se* complaints liberally and not hold them to the same standards as those applicable to pleadings filed by attorneys. *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990). Moreover, courts have held that private parties performing functions traditionally performed by a state may be held to be "state actors" for purposes of section 1983. *West v. Atkins*, 487 U.S. 42 (1988) (holding that a physician providing medical treatment to state prison inmates pursuant to contract is performing a function typically performed by the state and is acting under color of state law for purposes of section 1983); *Flint ex rel. Flint v. Kentucky Dep't of Corrections*, 270

F.3d 340, 351-52 (6th Cir. 2001) (holding that a defendant serving as an inmate rehabilitation supervisor under contract with the state was performing a traditional state function and therefore was a state actor under section 1983).

Here, the complaint alleges that NCBE collected information regarding Marlow's moving violations and arrest record for and at the request of the Tennessee Board of Law Examiners and the Tennessee Supreme Court to be used in determining Marlow's fitness to hold a law license in Tennessee. While it is unnecessary to decide whether this activity is sufficient to deem NCBE a state actor for purposes of section 1983, the undersigned Magistrate Judge finds that it is clearly enough to render such claims by a *pro se* litigant nonfrivolous.

Moreover, the undersigned observes that the Court has earlier in this proceeding considered the frivolity of Marlow's claims, as it is required to do for all *in forma pauperis* litigants, pursuant to 28 U.S.C. § 1915(a). Although the Court did at that time dismiss certain of Marlow's claims for failure to state a claim upon which relief could be granted, the Court permitted Marlow's claims against NCBE to survive (Docket Entry No. 8).

For the foregoing reasons, and construing Marlow's complaint liberally, the undersigned Magistrate Judge finds that this is not an appropriate case for Rule 11 sanctions and **DENIES** NCBE's motion (Docket Entry No. 36).

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge